PEOPLE v. HARBIN.

1. ARREST—IMMUNITY—FEDERAL PRISONER.
   Defendant's status as a work-release prisoner awaiting transportation back to Federal prison does not render him immune to arrest by State authorities.

2. SAME—PROBABLE CAUSE—DRUNK AND DISORDERLY PERSONS—OBSERVATIONS OF ARRESTING OFFICERS.
   Observation by police officers of a person's activities in a public place can provide probable cause for defendant's arrest for being a disorderly person by being intoxicated in a public place (CL 1948, § 750.167, as amended by PA 1964, No 144).

3. CRIMINAL LAW—ARREST—RESISTING ARREST.
   Resistance to a legal arrest is a crime (CL 1948, § 750.479).

Appeal from Washtenaw, Breakey (James R., Jr.), J. Submitted Division 2 October 3, 1968 at Marquette. (Docket No. 4,365.) Decided October 21, 1968.

Rudy L. Harbin was convicted of resisting arrest. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert B. Creal,* Assistant Prosecuting Attorney, for the people.

*Henry D. Arkison,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 110, 111.
[2] 5 Am Jur 2d, Arrest §§ 26, 27.
[3] 5 Am Jur 2d, Arrest § 113.

Per Curiam. Defendant was convicted of resisting an arrest for being drunk and disorderly in a public place. The record discloses ample evidence that appellant was intoxicated at the time of the arrest. The question presented is whether the arrest was lawful and, consequently, the resistance unlawful.

Defendant claims that his status as a work-release prisoner awaiting transport back to Federal prison renders him immune from arrest by state authorities. There is no such immunity. Defendant was intoxicated in a public place, an Ypsilanti township intersection, and thereby subject to arrest. CL 1948, § 750.167 as amended by PA 1964, No 144 (Stat Ann 1968 Cum Supp § 28.364). The observations of the arresting officers provided probable cause for the arrest. Resistance to a legal arrest is illegal. CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747). We find no prejudicial error in the lower court record.

Affirmed.

T. G. Kavanagh, P. J., and McGregor and Philip C. Elliott, JJ., concurred.